UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Peter Gumm,

    Plaintiff,

v.

AK Steel Corporation,

    Defendant.

_____

Case No. 21-12441
District Judge Shalina D. Kumar
Magistrate Judge Jonathan J.C. Grey

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION TO COMPEL AND TO EXTEND DISCOVERY (ECF No. 28)

Peter Gumm brought this complaint against his former employer, AK Steel Corporation ("AK Steel"), and alleged employment discrimination in violation of Title VII of the Civil Rights Act and the Michigan Elliot-Larsen Civil Rights Act. (ECF No. 1.)

On December 23, 2022, Gumm filed a motion to compel AK Steel to respond to his request for production and to extend discovery to February 23, 2023. (ECF No. 28.) For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Gumm's second motion to compel and to extend discovery.

On October 21, 2022, presiding United States District Court Judge Shalina

D. Kumar entered a stipulated order extending discovery until November 22, 2022 for the sole purpose of deposing seven named individuals. (ECF No. 20.) On November 21, 2022, the eve of the discovery deadline, Gumm filed an emergency motion to compel the deposition of a Rule 30(b)(6) corporate representative from AK Steel and to extend discovery 60 days so the parties can complete the deposition. (ECF No. 22.)

After holding a hearing on the emergency motion, the Court granted in part and denied in part Gumm's motion. The Court granted Gumm's request to depose a corporate representative and ordered the parties to complete the deposition by January 10, 2023. (ECF No. 26, PageID.162.) The Court denied Gumm's request to extend discovery by 60 days and included a footnote stating that the parties could seek modification of the scheduling order by requesting relief directly from Judge Kumar. (*Id*., PageID.157.)

Gumm filed the instant motion to compel AK Steel to respond to a request for production that Gumm sent on November 8, 2022 (ECF No. 28, PageID.188) and requests the Court to extend discovery to February 23, 2023.[1]

By way of background, Gumm sent his first set of interrogatories and requests for production on January 25, 2022. (ECF No. 28, PageID.187.) AK Steel responded to Gumm's first requests on March 10, 2022, and supplemented its

---

[1] Judge Kumar granted the undersigned authority to extend discovery.

2

responses on May 24, 2022. (ECF No. 29, PageID.235.) Gumm sent a second set of requests for production on May 13, 2022. (*Id*. PageID.235.) Prior to responding to Gumm's second set of requests, the parties agreed to engage in mediation which proved to be unsuccessful. (*Id*.) Shortly after the mediation, Gumm issued a third set of discovery requests on August 5, 2022. (ECF No. 28, PageID.187.) AK Steel provided responses to both the second and third set of discovery requests on September 12, 2022. With a looming discovery deadline of September 23, 2022, the parties stipulated to extend discovery to November 22, 2022 for the sole purpose of taking the depositions of seven named individuals and/or obtaining documents or information identified therein. (ECF No. 20.)

On November 8, 2022, Gumm emailed AK Steel to inform it that Gumm "[has] some issues with [AK Steel's] responses" (ECF No. 28-4, PageID.216.) The parties conferred on November 10, 2022. AK Steel agreed to supplement its responses to Gumm's second and third discovery requests. (ECF No. 29, PageID.236.) During the parties' conference, Gumm requested additional information not included in any of the previously submitted discovery requests. The parties refer to this as the fourth discovery request. (*Id*.) Gumm emailed the fourth request to AK Steel on November 11, 2022. (ECF No. 28-5, PageID.218.) The email also requested that AK Steel "advise as to your position on the [fourth request] by next Wednesday, November 16th." (*Id*.) AK Steel never responded to

3

the email. (ECF No. 28, PageID.188.) On November 30, 2022, after the November 22 discovery deadline, Gumm sent AK Steel a follow-up email inquiring about its position on the fourth request. (*Id.*, PageID.221.) The email provides "I am following up on supplementing the discovery issues, as we discussed a few weeks ago. Are you all producing the documents or will we need to file another motion to compel? Please advise by the end of the day and also include a date for the production." (*Id.*)

Later that day, AK Steel responded to Gumm's email agreeing to supplement the second and third requests for production and stated that it was still reviewing the fourth request. (ECF No. 28-6, PageID.222.) AK Steel also mentioned in its email that based on its initial review of the fourth request, most of the requests appeared to be beyond the scope of the limited stipulated extension of discovery. (*Id.*) AK Steel responded to the fourth request on January 6, 2023. In its response, AK Steel objected to all the interrogatories and requests for production of documents because (1) the requests are beyond the scope of the parties' October 21, 2022 stipulation and order extending discovery for the sole purpose of limited depositions and documents or information identified in those depositions; and (2) Gumm served the November 8 discovery requests less than 30 days prior to the discovery deadline in violation of Judge Kumar's practice guidelines and Federal Rules of Civil Procedure 33 and 34. (ECF No. 29, PageID.238-39.) In addition,

AK Steel provided substantive objections to nine of the eleven interrogatories and requests for production on the basis of relevance, undue burden or expense, and for other reasons. (ECF No. 29-5.)

Gumm argues that after learning of inconsistencies in the seven depositions, he needs the requested discovery to adequately assert his claims. (ECF No. 28, PageID.191.) According to Gumm, he did not realize this need until the parties deposed the last of the seven individuals in November, shortly before the discovery deadline. After the parties met and conferred about Gumm's request for more information on November 10, 2022, Gumm believed that AK Steel planned to respond to the new request. (*Id*.) Gumm contends that if AK Steel objected to the fourth request, Gumm would have filed a motion to compel or sought to extend discovery before the discovery deadline. (*Id*.)AK Steel argues that it would suffer prejudice if the Court extended the discovery deadline because it has a pending motion (ECF No. 27) to extend the dispositive motion deadline to February 23, 2023. (ECF No. 29, PageID.244.)

Although the parties' stipulation makes clear that discovery was to be extended for the limited purpose of deposing seven named individuals and to obtain documents pertaining to information shared in those depositions, the Court finds that good cause exists to extend discovery so AK Steel can provide responsive documents or answers, if any, to Gumm's fourth request. Federal Rule

5

of Civil Procedure 16(b)(4) (a scheduling order may be modified only for good cause); *see also Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).

The Court finds that Gumm reasonably believed that AK Steel was going to respond to its fourth request. Gumm sent the request, and according to the email exhibits, AK Steel did not object to the request until after the discovery deadline. (ECF No. 28-6, PageID.222.) AK Steel claims that during the parties' November 10, 2022 conference, AK Steel informed Gumm that it would not respond to requests for new information. (ECF No. 29, PageID.236.) However, AK Steel did not document this objection before the discovery deadline, and the Court is left to review only the email communications the parties attached as exhibits.

The Court disagrees that AK Steel would suffer prejudice if the Court extended the discovery deadline. During the motion hearing, AK Steel stated that it could respond to Gumm's fourth request within two weeks. Both parties would be under the same time constraints to file their dispositive motions by a new discovery deadline. Thus, the Court does not find that AK Steel will suffer prejudice by a discovery extension. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (holding that courts may consider prejudice to the nonmoving party).

For the foregoing reasons, the Court **GRANTS** Gumm's second motion to compel and to extend discovery. (ECF No. 28.) The discovery extension moots AK Steel's timeliness objections contained in its January 6 response to Gumm's

6

requests. AK Steel **SHALL** provide responsive documents or answers, if any, to Gumm's requests number 1 to number 11 (ECF No. 28, PageID.191-92) **on or before Friday, February 10, 2023.**

**The Court warns the parties, particularly Gumm, to attend to the Court's practice guidelines and to adhere to the Federal Rules of Civil Procedure. Further, absent force majeure, no additional extensions of discovery will be granted. Each party shall bear its own costs and fees.**

Dated: January 27, 2023      s/**Jonathan J.C. Grey**
Jonathan J.C. Grey
United States Magistrate Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2023.

s/ **J. Owens**
**Julie Owens**
